IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DONE DEAL INC.,

    Plaintiff,                    No. CIV S-13-1009 KJM AC

    v.

THOMAS J. WILBERT, et al.,       ORDER

    Defendants.

_____/

        On May 21, 2013, defendants Thomas Wilbert, Julia Wilbert, System 3, Inc., Veranda Properties, LLC, the Thomas and Julia Wilbert Family Trust, and the Thomas J. Wilbert and Julia A. Wilbert Utility Workers' Health and Welfare Plan removed this action from El Dorado County Superior Court. ECF No. 1. The complaint raises six state causes of action: (1) dissolution of partnership and accounting; (2) breach of written partnership agreement; (3) breach of fiduciary duty; (4) fraudulent concealment; (5) conversion; and (6) constructive trust. There are no causes of action arising from federal law.

        The complaint identifies the individual defendants as California residents; System 3 as a California corporation; Veranda Properties as a California limited liability company; and the remaining two entities as having their principal place of business in California. Plaintiff Done Deal is identified as a California corporation. ECF No. 1.

District courts have original jurisdiction in two situations: 1) federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States;" and 2) diversity jurisdiction where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and there is complete diversity between the parties. 28 U.S.C. §§ 1331, 1332(a). The removal statute, 28 U.S.C. § 1441(a), provides: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). There is a "strong presumption" against removal jurisdiction, which "means that the defendant always has the burden of establishing that removal is proper." *Id.*; *see also Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006). Furthermore, "removal jurisdiction is strictly construed in favor of remand." *Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1169 (E.D. Cal. 2011) (citing *Harris v. Bankers Life and Cas. Co*., 425 F.3d 689, 698 (9th Cir. 2005)). Accordingly, "the court resolves all ambiguity in favor of remand to state court." *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

Defendants claim that removal is appropriate because the United States Attorney's Office seeks forfeiture from Done Deal in the criminal case of *United States v. Zinnel*, et al., Cr. No. S-11-0234 TLN; they have filed a Notice of Related Cases. They cite statutes giving the district courts jurisdiction over forfeiture actions without explaining how those statutes give this court jurisdiction over this action.

//////

1    IT IS THEREFORE ORDERED that within fourteen days of the date of this order defendants show cause why this action should not be remanded to the El Dorado County Superior Court.

DATED: June 4, 2013.

_____
UNITED STATES DISTRICT JUDGE