IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DONE DEAL, INC.,

    Plaintiff,                       No. CIV S-13-1009 KJM AC

    v.

                                       ORDER

THOMAS J. WILBERT, et al.,

    Defendants.

/

           Plaintiff Done Deal's motion to remand is pending before the court, along with a related order to show cause issued to defendants, directing them to show cause why this action should not be remanded to state court. Defendants have filed an opposition to Done Deal's motion, but have not separately responded to the order to show cause. The court ordered the matter submitted on the papers and now GRANTS plaintiff's motion to remand and request for sanctions.

I. BACKGROUND

           In March 2013, plaintiff Done Deal, a California corporation, filed a complaint in El Dorado County Superior Court, against defendants Thomas J. Wilbert, a resident of El Dorado County; Julia A. Wilbert, a resident of El Dorado County; System 3, a California limited liability

1

corporation with its principal place of business in Sacramento; Veranda Properties, a California limited liability company with its principal place of business in El Dorado County; the Wilbert Family Trust, with its principal place of business in El Dorado County; and the Utility Workers' Health and Welfare Plan, with its principal place of business in El Dorado County, seeking a dissolution of a partnership, and alleging a breach of a partnership agreement, breach of fiduciary duty, fraudulent concealment, conversion and constructive trust.  ECF No. 1 at 7-25.

Defendants removed the action to this court on May 21, 2013, alleging that because the district courts have jurisdiction over forfeiture actions and because the United States seeks forfeiture of "all right, title, and interest in Done Deal, Inc., a California Corporation" as part of its criminal prosecution in *United States v. Zinnel*, *et al.*, Cr. No. 11-00234 TLN (E.D. Cal.).  ECF No. 1 ¶¶ 2-5.  Defendants allege that the prosecution is based on claims that defendant Steven Zinnel, assisted by Derian Eidson, used Done Deal to conceal assets from the bankruptcy court.  ECF No. ¶ 6.   They further claim that this action "is a malicious complaint created by criminal defendants Steven Zinnel and Derian Eidson to subvert federal law that is indivisibly implicated in the Criminal Action and will require interpretations of federal law, including but not limited to federal forfeiture law."  ECF No. 1 ¶ 8.  They conclude that this court has supplemental jurisdiction over this action under 28 U.S.C. § 1367.  ECF No. 1 ¶ 9.

II.  ANALYSIS

An action filed in state court may be removed to the district court where the state court is located if the district court has original jurisdiction over the action.  28 U.S.C. § 1441(a). District courts have original jurisdiction in two situations: 1) federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States;" and 2) diversity jurisdiction where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and there is complete diversity between the parties.  28 U.S.C. §§ 1331, 1332(a).

/////

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction, *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988)), and in favor of remand, resolving any ambiguity in favor of remand to state court. *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1169 (E.D. Cal. 2011). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). Because there is a "strong presumption" against removal jurisdiction, defendant always has the burden of establishing that removal is proper. *Id*.

There is no diversity of citizenship in this case and the court can discern no federal issue on the face of the complaint. *See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for So. Cal.*, 463 U.S. 1, 10 (1983); *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Under the longstanding well-pleaded complaint rule . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.'" (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908); internal alteration omitted). Here, plaintiff's statement of its case is based wholly on state law.

In their notice of removal, defendants cite to 28 U.S.C. § 1367(a) and also 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(1), and 28 U.S.C. § 1355, which gives the district courts jurisdiction over forfeiture matters. As noted, however, plaintiff's well pleaded complaint does not present any question of forfeiture.

Defendants argue that a party may supplement a notice of removal by presenting outside evidence to satisfy the jurisdictional prerequisites for removal. They cite to diversity cases, which recognize that a party may submit additional evidence to establish the amount in controversy or the citizenship of the parties. *See, e.g., Coleman v. Estes Express Lines, Inc.*, 631 F.3d 1010 (9th Cir. 2011). As defendants are not seeking removal on the basis of diversity, their citation to this authority does not assist them.

3

1        Defendants also ask the court to take judicial notice of various pleadings in
2   *United States v. Zinnel* and argue that these show the relationship between the instant case and
3   the criminal case set before the other district judge of this court.   Although taking judicial notice
4   "'of proceedings in other courts, both within and without the federal judicial system'" may be
5   appropriate, such notice is warranted only "'if those proceedings have a direct relation to the
6   matters at issue.'"  *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (quoting *United
7   States ex. rel. Robinson Rancheria Citizens Council v. Borneo, Inc*., 971 F.2d 244, 248 (9th Cir.
8   1992)).  The records in the *Zinnel* prosecution show, indeed, that the United States is seeking to
9   forfeit Done Deal; they do not show that the court has jurisdiction over the instant action because
10  of the connection between the two cases.

11       Defendants next argue that if Done Deal is forfeited, title will vest in the United
12  States, making it the real party in interest to this suit, which would give this court jurisdiction
13  under Article III, section 2 of the United States Constitution.  This argument also does not assist
14  defendants: federal jurisdiction depends on the circumstances existing at the time of the removal.
15   *Sparta Surgical Corp. v. Nat'l Ass'n of Secs. Dealers, Inc*., 159 F.3d 1209, 1211 (9th Cir. 1998)
16  ("Under 28 U.S.C. § 1441(a), an action must 'be fit for federal adjudication when the removal
17  petition is filed.'") (quoting *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S.
18  26, 43 (1998)).

19       Finally, defendants argue that removal is properly based on this court's
20  supplemental jurisdiction under 28 U.S.C. § 1367 in light of the relationship between this case
21  and the *Zinnel* prosecution.  However, in *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28
22  (2002), the Supreme Court considered whether a district court could rely on the All Writs Act,
23  28 U.S.C. § 1651, and ancillary jurisdiction as a basis for jurisdiction over a case removed from
24  state court.  In that case, defendants removed the case from state court, alleging that the state
25  court's rulings conflicted with a related case the federal court had settled.  The court agreed that
26  while a district court has ancillary jurisdiction over claims "having a factual and logical

dependence on the primary lawsuit," *id*. at 33 (internal citation & quotation omitted), it said that petitioner had not explained how the district court's retention of jurisdiction of the settlement in one lawsuit authorized removal of a different lawsuit. *Id.* at 34. "Removal is governed by statute, and invocation of ancillary jurisdiction . . . does not dispense with the need for compliance with statutory requirements." *Id*.

Under 28 U.S.C. § 1441(a), an action may be removed from state court as long as this court would have original jurisdiction over it. As there is no basis for jurisdiction, this case must be remanded to El Dorado County Superior Court.

III.   ATTORNEY'S FEES

Counsel for Done Deal asks for an award of fees under 28 U.S.C. §1447(c) and Rule 11 of the Federal Rules of Civil Procedure.

Title 28 U.S.C. § 1447(c) provides: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has limited courts' discretion in awarding attorneys' fees, absent "unusual circumstances," to cases in which "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp*., 546 U.S. 132, 141 (2005). When considering a motion to award fees alongside a motion to remand for lack of federal subject matter jurisdiction, "district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule" that attorney's fees are to be awarded only where there was no objectively reasonable basis for a defendant to attempt removal. *Id*. Any award of fees must be reasonable: "a reasonable attorney fee is the fee that would be charged by reasonably competent counsel, not counsel of unusual skill and experience. Reasonably competent counsel bill a reasonable number of hours at a reasonable hourly rate. A reasonable hourly rate is based on the rates charged in the local legal community as a whole." *Albion Pac. Prop. Res., LLC v. Seligman*, 329 F. Supp.2d 1163, 1169 (N.D. Cal. 2004) (examining fee awards under § 1447).

/////

In this case, the court finds that defendants lacked an objectively reasonable basis for seeking removal: they have not cited, and the court has not found, any case authorizing removal of a case not otherwise subject to this court's jurisdiction simply because there is a case with some connection to the state court action pending in this court. Done Deal is therefore entitled to an award of reasonable attorney's fees

Done Deal's counsel Devan Mullins has submitted a declaration in connection with the motion, averring that he spent eleven hours preparing the motion to remand; he anticipates spending 7.5 hours reviewing the opposition and preparing the reply; he will spend another ten hours traveling and arguing the motion; will expend $500 in costs related to airfare and car rental. Based on his hourly rate of $395, Mullins says that plaintiff will have incurred $11,836.50 in fees and costs because of additional work undertaken in connection with the court's order to show cause, directing defendants to demonstrate why the case should not be remanded.

The prevailing rate in this district has been found by one judge of the court to be $250 an hour. *See Scott v. Kelkris Assoc., Inc.*, No. CIV. 2:10–1654 WBS DAD, 2012 WL 1131360, at *5 (E.D. Cal. Mar. 29, 2012). While this court will consider higher rates when properly supported, plaintiff's counsel here has presented nothing suggesting the court should go beyond this rate.

The court finds the eleven hours to prepare the motion to be reasonable. While plaintiff estimated the time needed to prepare a reply, it has not provided any updated figures based on the actual time expended. The court deems six hours as the reasonable amount of time associated with reviewing the opposition and drafting a reply. The court declines to award any fees for plaintiff's response to the Order to Show Cause, as that was directed only at defendants. ECF No. 7. Moreover, as there was no travel involved, the court subtracts the ten hours estimated for travel and, as plaintiff has provided no other cost figures, the court declines to

/////

6

award costs. Accordingly, the court finds that plaintiff is entitled to recover $4,250.00 in fees, based on $250.00 an hour for seventeen hours of work.

IT IS THEREFORE ORDERED:

1. The Order to Show Cause, ECF No. 7, is discharged;

2. Plaintiff's motion to remand, ECF No. 8, is granted;

3. Defendant is directed to pay plaintiff $4,250.00 in attorney's fees within fourteen days; and

4. The court denies the pending motion to dismiss, ECF No. 6, as moot.

DATED: July 31, 2013.

_____
UNITED STATES DISTRICT JUDGE